IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW KLINE )<br>206 Youngstown Lowellville Road )<br>Lowellville, Ohio 44436 )<br> )<br>  Plaintiff, )<br> )<br>  v. )<br>WAL-MART ASSOCIATES, INC. )<br>2875 E. State Street )<br>Salem, Ohio 44460 )<br> )<br>  **Also Serve:** )<br>  CT Corporation System )<br>  Statutory Agent )<br>  4400 Easton Commons Way )<br>  Suite 125 )<br>  Columbus, Ohio 43219 )<br> )<br>  -and- )<br> )<br>TONY CRONIN )<br>c/o Walmart )<br>2875 E. State Street )<br>Salem, Ohio 44460 )<br> )<br>  Defendants. ) | | CASE NO.<br><br>JUDGE:<br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT**<br><br>**(Jury Demand Endorsed Hereon)** |

Plaintiff Matthew Kline by and through undersigned counsel, as their Complaint against the Defendants, states and avers the following:

## PARTIES

1. Kline is a resident of the city of Lowellville, county of Mahoning, state of Ohio.

2. Wal-Mart Associates, Inc. ("Walmart") is an American multinational retail corporation incorporated in the state of Delaware with a place of business at 2875 E. State Street, Salem, Ohio 44460.

1

3. At all times relevant herein, Walmart was an employer within the meaning of 29 U.S.C. § 2611(4)(A)(i)-(iii) of the Family Medical Leave Act ("FMLA"), in that Walmart, at all times thereinafter mentioned, engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. 29 U.S.C. § 2617, *et seq*.

4. At all times referenced herein, Cronin was the Store Manager for Walmart.

5. At all times referenced herein, Cronin supervised and/or controlled Kline's employment with Walmart.

6. At all times referenced herein, Cronin acted directly or indirectly in the interest of Walmart in relation to its employees.

7. At all times referenced herein, Cronin was an employer within the meaning of the Ohio R.C. §4112.01, *et seq.* and 29 U.S.C. § 2611(4)(A)(i)-(iii) of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2617, *et seq*.

## PERSONAL JURISDICTION

8. At all times referenced herein, Cronin was a resident of the state of Ohio. Accordingly, the Court has personal jurisdiction over this Defendant.

9. Walmart hires citizens of the state of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over Walmart comports with due process.

10. Kline worked for Defendants in this judicial district and/or was hired out of this district.

11. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE

12. Jurisdiction is proper over Walmart pursuant to 28 U.S.C. § 1331 in that Kline is alleging federal law claims. Specifically, Kline is bringing claims arising under the FMLA, 29 U.S.C. § 2617, *et seq*. Thus, this Court has original jurisdiction over the federal law claims asserted in this Complaint under 28 U.S.C. § 1331.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

14. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, Division, and county within which Walmart operates its business and where the material facts in this matter took place.

## FACTS

15. Kline is a former employee of Walmart.

16. Walmart hired Kline in or around March of 2013.

17. Kline's position at Walmart was Pharmacy Support.

18. Kline was a full-time employee at Walmart.

19. Kline typically was scheduled to work and worked forty hours a week.

20. Kline had an exemplary employment record with no meaningful history of discipline in his four and a half years of employment with Walmart.

21. Kline regularly received positive reviews and pay raises from Walmart.

22. During 2016, Kline found out that he was going to be a father.

23. Kline applied for and was approved for FMLA leave for the birth of his child.

24. Kline began FMLA protected leave on or about January 18, 2017.

25. On or about January 21, 2017, Kline's daughter Lucy was born.

26. Kline informed Walmart that he was available to return to work beginning March 1, 2017.

27. Kline returned to work on March 1, 2017.

28. Kline returned to work after 5 weeks.

29. In or around the middle of March 2017, Kline's daughter became ill.

30. In or around the middle of March 2017, Kline applied for and was approved for Intermittent FMLA leave to care for his sick child.

31. Kline followed Walmart's procedures when utilizing his Intermittent FMLA leave.

32. Beginning in April of 2017, Defendants' reduced the number of hours that Kline was scheduled to work.

33. Kline was not placed on the schedule the week of April 1, 2017.

34. Kline spoke with Cronin about not being scheduled to work.

35. Cronin informed Kline that Kline would be placed back on to the schedule the week of April 1, 2017.

36. Kline was not placed on the schedule for the week of April 1, 2017.

37. Prior to taking FMLA leave, Kline was regularly working 40 hours a week.

38. After taking FMLA leave, Kline was being scheduled 0 hours.

39. Kline was not placed on the work schedule for another two weeks.

40. After not being placed on the work schedule for three weeks Kline spoke with Cronin for a second time.

41. Cronin informed Kline that he would be place on the work schedule for the next week.

42. When finally placed on the schedule, Kline was only scheduled to work for two days.

43. Kline was not placed back to a full-time work schedule since he utilized his legally protected FMLA leave.

44. Between the months of April through August of 2017, Defendants reduced the hours that Kline was scheduled to work.

45. On at least one occasion during

46. Between the months of April through July of 2017, Kline made approximately six complaints to Global Ethics regarding his reduced schedule and not being scheduled for any shifts.

47. Global Ethics is Defendants online human resources site for complaints.

48. After each complaint to Global Ethics, Kline was told to "talk to your store manager."

49. No one in human resources nor at Walmart assisted Kline in being returned to the schedule.

50. On at least one occasion between the months of April through August of 2017, Cronin told Kline that Defendants "didn't need" him when Kline sought to be returned to his previous employment with Defendants after his utilization of FMLA.

51. Between the months of April through August of 2017, Defendants hired new employees but continued to refuse to schedule Kline.

52. Kline requested meetings with human resources to discuss his complaints and not being scheduled to work.

53. Following utilizing his legally protected FMLA leave, Kline was retaliated against by Walmart.

54. Following utilizing his legally protected FMLA leave, Kline was retaliated against by Cronin.

55. Defendants rejected every attempt Kline made to meet and resolve any scheduling concerns.

56. Defendants' actions were deliberately done to force Kline to quit.

57. After repeatedly not being scheduled to work, Kline was forced to resign from Walmart effective on or about August 17, 2017.

58. Defendants' actions were a constructive discharge of Kline.

59. Walmart retaliated against Kline for utilizing his legally protected FMLA leave.

60. Walmart never placed Kline back on the schedule as a full-time employee.

61. Cronin never placed Kline back on the schedule as a full-time employee.

62. Walmart ignored Kline's complaints made to Global Ethics.

63. Walmart was aware that Kline was being retaliated against for his use of his legally protected FMLA leave.

64. As a result of Defendants' unlawful conduct, Kline suffered, and continues to suffer damages.

## COUNT I: RETALIATORY DISCHARGE IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

65. Kline restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

66. Subsequent to Kline's exercising of his rights under the FMLA, Defendants retaliated against him by refusing to schedule Kline shifts to work.

67. Subsequent to Kline's exercising of his rights under the FMLA, Defendants retaliated against him by refusing to schedule Kline on a consistent basis.

68. Subsequent to Kline's exercising of his rights under the FMLA, Defendants retaliated against him by forcing Kline to resign due to lack of work.

69. Defendants willfully retaliated and discriminated against Kline in violation of 29 U.S.C. § 2615(a).

70. As a direct and proximate cause of Defendants' conduct, Kline suffered and will continue to suffer damages.

71. As a direct and proximate cause of Defendants' conduct, Kline is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Matthew Kline requests judgment against all Defendants and order:

(a) An award against each Defendant of compensatory and monetary damages to compensate Kline for physical injury, physical sickness, lost wages, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(b) An award of liquidated damages against each Defendant in an amount in excess of $25,000;

(c) An award of reasonable attorneys' fees and non-taxable costs for Plaintiff's claims as allowable under law;

(d) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*s/ Tina M. Scibona*
Chris P. Wido (0090441)
Tina M. Scibona (0092008)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com
       tina.scibona@spitzlawfirm.com

*Attorneys for Plaintiff Matthew Kline*

## **JURY DEMAND**

Plaintiff Matthew Kline demands a trial by jury by the maximum number of jurors permitted.

          *s/ Tina M. Scibona*
          Tina M. Scibona (0092008)
          **THE SPITZ LAW FIRM, LLC**